≈AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| **FRANKLIN TORRES** | Case Number: 1: 05 CR 10216 - 01 - JLT |
| | USM Number: 25771-038 |
| | Catherine K. Byrne, Esq. |
| | Defendant's Attorney |

☐ Additional documents attached

☐

**THE DEFENDANT:**
☑ pleaded guilty to count(s)   1 on 2/8/06.
☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.
☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 8 USC § 1326 | Alien in US after Deportation | 03/11/05 | 1 |

The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

04/26/06
Date of Imposition of Judgment

5/8/06
Signature of Judge

The Honorable Joseph L. Tauro
Judge, U.S. District Court
Name and Title of Judge

5/8/06
Date

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page 2 of 10

DEFENDANT: **FRANKLIN TORRES**
CASE NUMBER: 1: 05 CR 10216 - 01 - JLT

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 24 month(s)

with credit for time served from 7/29/05 to 8/29/05 (30 days).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
                Sheet 3 - D. Massachusetts - 10/05

Judgment—Page __3__ of __10__

DEFENDANT: **FRANKLIN TORRES**
CASE NUMBER: **1: 05 CR 10216  - 01  - JLT**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   2   year(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **FRANKLIN TORRES**
CASE NUMBER: 1: 05 CR 10216 - 01 - JLT

Judgment—Page 4 of 10

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

1. The defendant is to participate in a program for substance abuse treatment as directed by the United States Probation Office, which program may include testing, not to exceed 104 drug tests per year, to determine whether the defendant has reverted to the use of alcohol or drugs. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.

2. The defendant is to participate in a mental health treatment program as directed by the Probation Office. The defendant shall be required to contribute to the costs of services for such treatment based on the ability to pay or availability of third party payment.

3. If ordered deported, the defendant is to leave the United States and is not to return without prior permission of the Secretary of the Department of Homeland Security.

4. The defendant shall use his true name and is prohibited from the use of any false identifying information which includes, but is not limited to, any aliases, false dates of birth, false social security numbers, and incorrect places of birth.

**Continuation of Conditions of ☐ Supervised Release ☐ Probation**

DEFENDANT: **FRANKLIN TORRES**
CASE NUMBER: **1: 05 CR 10216 - 01 - JLT**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ $100.00 | $ | $ |

☐ The determination of restitution is deferred until ______. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|

☐ See Continuation Page

| | | | |
|---|---|---|---|
| **TOTALS** | $ $0.00 | $ $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ ____________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

- ☐ the interest requirement is waived for the ☐ fine ☐ restitution.
- ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

DEFENDANT: **FRANKLIN TORRES**
CASE NUMBER: 1: 05 CR 10216 - 01 - JLT

Judgment — Page 6 of 10

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [X] Lump sum payment of $ $100.00 due immediately, balance due

   [ ] not later than _____, or
   [ ] in accordance  [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

B  [ ] Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

C  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

[ ] See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B   (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: FRANKLIN TORRES
CASE NUMBER: 1: 05 CR 10216 - 01 - JLT
DISTRICT: MASSACHUSETTS

Judgment — Page 7 of 10

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☐   **The court adopts the presentence investigation report without change.**

B ☑   **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1 ☑   **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2 ☐   **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐   **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐   **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑   No count of conviction carries a mandatory minimum sentence.

B ☐   Mandatory minimum sentence imposed.

C ☐   One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐   findings of fact in this case
☐   substantial assistance (18 U.S.C. § 3553(e))
☐   the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 13
Criminal History Category: IV
Imprisonment Range: 24 to 30 months
Supervised Release Range: 2 to 3 years
Fine Range: $ 7,500 to $ 75,000
☑   Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **FRANKLIN TORRES**  
CASE NUMBER: **1: 05 CR 10216  - 01  - JLT**  
DISTRICT: **MASSACHUSETTS**

Judgment — Page 8 of 10

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

- A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

- B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use Section VIII if necessary.)

- C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

- D ☑ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A **The sentence imposed departs** (Check only one.):  
☑ below the advisory guideline range  
☐ above the advisory guideline range

B **Departure based on** (Check all that apply.):

1. **Plea Agreement** (Check all that apply and check reason(s) below.):  
   ☐ 5K1.1 plea agreement based on the defendant's substantial assistance  
   ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program  
   ☐ binding plea agreement for departure accepted by the court  
   ☐ plea agreement for departure, which the court finds to be reasonable  
   ☑ plea agreement that states that the government will not oppose a defense departure motion.

2. **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):  
   ☐ 5K1.1 government motion based on the defendant's substantial assistance  
   ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program  
   ☐ government motion for departure  
   ☐ defense motion for departure to which the government did not object  
   ☐ defense motion for departure to which the government objected

3. **Other**  
   ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

The government and the defendant had agreed to this calculation at the time of the plea (see attached transcript)

| | | |
|---|---|---|
| DEFENDANT: | FRANKLIN TORRES | Judgment — Page 9 of 10 |
| CASE NUMBER: | 1: 05 CR 10216 - 01 - JLT | |
| DISTRICT: | MASSACHUSETTS | |

# STATEMENT OF REASONS

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

    **A**  The sentence imposed is (Check only one.):
        ☑ below the advisory guideline range
        ☐ above the advisory guideline range

    **B**  Sentence imposed pursuant to (Check all that apply.):

        1  **Plea Agreement** (Check all that apply and check reason(s) below.):
            ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
            ☑ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
            ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

        2  **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
            ☐ government motion for a sentence outside of the advisory guideline system
            ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
            ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

        3  **Other**
            ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

    **C**  **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

        ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
        ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
        ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
        ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
        ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
        ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
        ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

    **D**  **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

DEFENDANT: **FRANKLIN TORRES**
CASE NUMBER: **1: 05 CR 10216 - 01 - JLT**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 10 of 10

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A  ☑  Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4  ☐  Restitution is not ordered for other reasons. (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

THE COURT IMPOSED THE SENTENCE AFTER CONSIDERING ALL THE SURROUNDING CIRCUMSTANCES AND THE PROBATION DEPARTMENT'S DETERMINATION AS TO THE ADVISORY GUIDELINE RANGE.

*[Signature] 5/8/06*

*See Attached Transcript*

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 00/00/75
Defendant's Residence Address: 18 Bedford St. Beverly, MA 01915
Defendant's Mailing Address: same

Date of Imposition of Judgment: 04/26/06
Signature of Judge: *[Signature]*
Name and Title of Judge: The Honorable Joseph L. Tauro   Judge, U.S. District Court
Date Signed: 5/8/06

```
 1                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS
 2
        * * * * * * * * * * * * * *
 3      UNITED STATES OF AMERICA    *
                                    *
 4              vs.                 *      CRIMINAL ACTION
                                    *      No. 05-10216-JLT
 5      FRANKLIN TORRES             *
                                    *
 6      * * * * * * * * * * * * * *

 7            BEFORE THE HONORABLE JOSEPH L. TAURO
                  UNITED STATES DISTRICT JUDGE
 8                        DISPOSITION

 9      A P P E A R A N C E S

10            OFFICE OF THE UNITED STATES ATTORNEY
              1 Courthouse Way, Suite 9200
11            Boston, Massachusetts 02210
              for the United States
12            By:  S. Waqar Hasib, AUSA

13

              FEDERAL DEFENDER OFFICE
14            408 Atlantic Avenue, Suite 328
              Boston, Massachusetts 02210
15            for the defendant
              By:  Catherine K. Byrne, Esq.

16

17

18                                    Courtroom No. 20
                                      John J. Moakley Courthouse
19                                    1 Courthouse Way
                                      Boston, Massachusetts 02210
20                                    April 26, 2006
                                      10:05 a.m.
21

22

                    CAROL LYNN SCOTT, CSR, RMR
23                      Official Court Reporter
                   One Courthouse Way, Suite 7204
24                   Boston, Massachusetts 02210
                          (617) 330-1377
25
```

```
 1                    P R O C E E D I N G S
 2            THE CLERK:  All rise for the Honorable Court.
 3            THE COURT:  Good morning, everybody.
 4            THE CLERK:  This is criminal action 05-10216,
 5   United States versus Franklin Torres.
 6        Counsel, please identify yourself for the record.
 7            MR. HASIB:  Good morning, Your Honor.  Waqar
 8   Hasib, H-A-S-I-B, standing in for Paul Moore for the United
 9   States.
10            THE COURT:  Good morning.
11            MS. BYRNE:  Good morning, Your Honor.
12   Catherine Byrne representing Mr. Torres.
13            THE COURT:  Okay.  Everybody sit down, please.
14        (Pause in proceedings.)
15            THE COURT:  Okay.  We are here for
16   disposition.
17            MR. HASIB:  That's correct, Your Honor.
18            MS. BYRNE:  Yes, Your Honor.
19            THE COURT:  Does the government have a
20   recommendation to make here?
21            MR. HASIB:  We do, Your Honor.  At the time
22   that the defendant was preparing to plead guilty in this
23   case, the government contemplated a total offense level of
24   thirteen.  And if Your Honor prefers, I can go through that
25   calculation.
```

1    But the government was operating under the
2    assumption that a total offense level of 13 would apply in
3    this case.  That would give the defendant a guideline range
4    of 24 to 30 months.
5        In light of that calculation, the government is
6    requesting a low end guideline range of 24 months, a
7    guideline sentence of 24 months; two to three years of
8    supervised release; a low end fine of $3,000 unless the
9    Court finds that the government -- that the defendant cannot
10   pay; and a $100 mandatory special assessment.
11       The government believes that a 24-month sentence
12   would be appropriate in this case.  It's a sufficient
13   deterrent.  At the same time it takes into consideration the
14   defendant's personal characteristics.
15           **THE COURT:**  What is your amended guideline
16   range again?
17           **MR. HASIB:**  The government was contemplating a
18   guideline range of 24 to 30 months based on a total offense
19   level of 13 after acceptance of responsibility.
20           **THE COURT:**  Does that coincide with what the
21   Probation Department said?
22           **MR. HASIB:**  It does not, Your Honor.
23           **THE COURT:**  Have you reconciled whatever the
24   difference is?
25           **MR. HASIB:**  We've agreed with the defendant.

```
 1   The government has not filed an objection to the Presentence
 2   Report.  But we believe that the guideline range that we had
 3   contemplated at the time of the plea of an offense level of
 4   13 is an appropriate one.
 5              THE COURT:  Do you agree?
 6              MS. BYRNE:  In other words, we're all in
 7   agreement, Your Honor.
 8         The only caveat that I would ask the Court to give
 9   Mr. Torres credit for is the thirty days that he was held in
10   INS custody prior to him going into federal custody on this
11   case.  And I believe we're in agreement on that as well.
12              MR. HASIB:  No objection, Your Honor.
13              THE COURT:  Okay.
14         Mr. Torres, I am about to sentence you.  How does
15   he like to be addressed, Mr. Torres?
16              MS. BYRNE:  Mr. Torres, Your Honor.
17              THE COURT:  Mr. Torres, you are about to be
18   sentenced.  As one who faces sentencing, you have the right
19   to address the Court, that is, you have the right to tell me
20   anything that may be on your mind if you would care to do
21   so.
22         If you would prefer to remain silent, you may
23   remain silent without fear of any prejudice.  If you want to
24   speak go ahead.  If you don't, that is okay.
25              THE DEFENDANT:  Yes, Your Honor.  I don't want
```

1  to say nothing.
2          MS. BYRNE: He does not want to say anything.
3          THE COURT: All right. I am going to accept
4  the recommendation and sentence you to 24 months. No fine.
5       He doesn't have any money; does he?
6          MS. BYRNE: He does not, Your Honor.
7       I would just suggest perhaps in terms of the credit
8  issue, perhaps the sentence should be for 23 months unless,
9  the Court says 24 months with thirty days credit for time
10 served.
11         THE COURT: Well, I will give him 24 months,
12 thirty days credit, sure.
13         MS. BYRNE: Okay.
14         THE COURT: I don't want to go below the
15 guidelines.
16         MS. BYRNE: So thirty days credit would be the
17 time period, just for the record, between July 29 and
18 August 29 of 2005 when he came into court.
19         THE COURT: All right. We will make sure that
20 the record reflects that.
21         MS. BYRNE: Thank you, Your Honor.
22         THE COURT: Anything else that I should take
23 care of?
24         MR. HASIB: Nothing from the government, Your
25 Honor.

| | |
|---|---|
| 1 | THE COURT: Defendant? |
| 2 | MS. BYRNE: No, Your Honor. |
| 3 | THE PROBATION OFFICER: Your Honor, in terms |
| 4 | of supervised release, two years? |
| 5 | THE COURT: Yes. |
| 6 | THE PROBATION OFFICER: With the condition |
| 7 | that if deported, he is not to reenter the country? |
| 8 | THE COURT: Yes. Okay. |
| 9 | Now, you have been sentenced. And as who one has |
| 10 | been sentenced, you have the right to appeal that sentence |
| 11 | if you care to do so. |
| 12 | If you don't have funds to prosecute an appeal, |
| 13 | then you will be permitted to appeal without payment of any |
| 14 | fee. If you don't have funds for a lawyer, one will be |
| 15 | provided for you. |
| 16 | Do you understand that? |
| 17 | THE DEFENDANT: Yes, Your Honor. |
| 18 | THE COURT: You have ten days approximately to |
| 19 | file a notice of appeal if it is your intent to do so. |
| 20 | Okay. |
| 21 | Do you understand that? |
| 22 | THE DEFENDANT: Yes. |
| 23 | THE COURT: Anybody have anything else? |
| 24 | MR. HASIB: No. |
| 25 | THE COURT: Okay. Thank you. |

```
 1            MR. HASIB:  Thank you, Your Honor.

 2            MS. BYRNE:  Thank you, Your Honor.

 3

 4       (WHEREUPON, the proceedings were recessed at 10:10

 5   a.m.)

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

C E R T I F I C A T E

      I, Carol Lynn Scott, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

---

CAROL LYNN SCOTT
Official Court Reporter
John J. Moakley Courthouse
1 Courthouse Way, Suite 7204
Boston, Massachusetts 02210
(617) 330-1377